IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. ELLIS,

        Plaintiff,                    No. CIV S-06-1189 MCE DAD P

    vs.

TOM CAREY, et al.,

        Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

                               /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Before the court is defendants' February 2, 2007 motion to dismiss the complaint pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to exhaust available administrative remedies prior to bringing this action. Plaintiff has not filed any opposition to the motion.[1]

/////

/////

---

[1] On March 14, 2007, the court ordered plaintiff to file an opposition to defendants' motion to dismiss within thirty days. The court warned plaintiff that failure to file his opposition would be deemed as a statement of non-opposition and result in a recommendation that this action be dismissed. Plaintiff has not complied with the court's March 14, 2007 order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

**PLAINTIFF'S CLAIMS**

Plaintiff alleges that his property sustained damage while he was incarcerated at CSP-Solano. He claims that on November 26, 2004, he was placed in administrative segregation and that defendant Jones was responsible for packing his property. Plaintiff also alleges that, upon release from administrative segregation, he discovered that the buttons on his television were broken, and four of his adult magazines were missing. (Compl. at 3).

Plaintiff alleges that he submitted an administrative grievance on February 15, 2005, regarding his property, and the Appeals Coordinator provided him with log number CSP-S-05-00374. Plaintiff alleges that on February 26, 2005, he requested an update on the status of his appeal and was informed that his grievance was being reviewed at the first formal level. Plaintiff alleges that he subsequently sought another update on the status of his appeal and was informed by the Appeals Coordinator that records indicated that he had withdrawn his appeal. (Compl. at 3). Plaintiff asserts that the Appeals Coordinator failed to accurately keep track of his appeals. (Compl. at 3).

**DEFENDANTS' MOTION TO DISMISS**

I. Defendants' Motion

Defendants argue that plaintiff failed to properly exhaust his administrative grievances through the highest level of review available before filing suit. (Defs.' Mot. to Dismiss P&A at 1). In support of their argument defendants have attached to their motion a declaration by S. Cervantes, an Appeals Coordinator at CSP-Solano.

Defendants contend that on February 15, 2005, plaintiff submitted an inmate appeal, CSP-S-050–374, concerning the damage and destruction of his property. Defendants further contend that on March 1, 2005, plaintiff withdrew that appeal. (Defs.' Mot. to Dismiss P&A at 5) (quoting Compl. at 9-10) ("I have spoken with Sgt. Smith concerning this issue. I feel this is resolved. Therefore I am withdrawing this appeal.").

/////

1    Defendants explain that on February 26, 2005, plaintiff filed a second inmate
2 appeal regarding his allegedly damaged and missing property. On March 1, 2005, the Appeals
3 Coordinator screened the appeal and returned it to plaintiff as duplicative, notifying him that his
4 duplicate appeal was currently under review. (Defs.' Mot. to Dismiss at 5); (Cervantes Decl. at
5 2).
6    Defendants assert that on or around March 7, 2005, plaintiff filed a third inmate
7 appeal regarding the subject of his missing and damaged property. The Appeals Coordinator
8 again screened the appeal, found it to be unclear or incomplete and returned it to plaintiff seeking
9 clarification. (Defs.' Mot. to Dismiss at 5; Cervantes Decl. at 2.) In this regard, Appeals
10 Coordinator Cervantes states in his declaration that "[t]he facts surrounding the appeal were
11 unclear to me and I sought further clarification from the inmate." (Cervantes Decl. at 2-3).
12 Cervantes explains that he asked plaintiff when his four adult magazines were thrown away
13 and by whom and warned plaintiff that a failure to answer these questions would result in the appeal
14 being rejected. (Cervantes Decl. at 3.) Appeals Coordinator Cervantes declares that he never
15 receive a response from plaintiff to his request for clarification. (Defs.' Mot. to Dismiss at 6;
16 Cervantes Decl. at 3.)
17    Defendants next contend that on or around April 13, 2005, Appeals Coordinator
18 Cervantes screened yet another appeal submitted by plaintiff in connection with his missing and
19 damaged property. According to Cervantes, at that time he again asked plaintiff to specify when
20 and who threw away his adult magazines. (Cervantes Decl. at 3.) He also asked plaintiff to state
21 whether the magazines were in quarterly packages received while plaintiff was held in
22 administrative segregation and, if so, whether the issue was addressed in plaintiff's appeal
23 identified as log number 05-00374. (Id.) Again, the Appeals Coordinator declared that he
24 received no response from plaintiff to his inquiry. (Defs.' Mot. to Dismiss at 2; Cervantes Decl.
25 at 3.)
26 /////

On January 14, 2006, plaintiff filed his complaint in this action. Defendants conclude that plaintiff failed to exhaust his administrative remedies prior to bringing this lawsuit and that the court should dismiss plaintiff's complaint in its entirety.

II. <u>Plaintiff's Non-Opposition</u>

As noted above, plaintiff has not filed an opposition.

III. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>Id.</u> at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>Woodford v. Ngo</u>, __ U.S. __, 126 S. Ct. 2378, 2382 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. <u>See</u> Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is

required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Jones v. Bock, __U.S.__, __, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d at 1117-19. The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[2] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied ___U.S.___, 127 S. Ct. 1212 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 127 S. Ct. at 924.

IV.  Discussion

In his complaint, plaintiff concedes that he failed to exhaust his administrative remedies. The form complaint asks "[d]id you present the facts in your complaint for review

---

[2] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on November 29, 2006. (Order filed Nov. 29, 2006, 2006 at 3-4). In addition, as noted above, the court specifically ordered plaintiff to file an opposition to defendants' motion to dismiss on March 14, 2006 and warned plaintiff that failure to do so would result in a recommendation that this action be dismissed. (Order filed Mar. 14, 2007, at 1-2).

through the grievance procedure?" (Compl. at 1.)  Plaintiff has checked the "Yes" box.  (Id.)  However, in response to the question asking the complainant to list the result of the appeal at each level of review, plaintiff wrote that his informal appeal was "[d]enied the appeal was withdrawn." (Compl. at 2.)  With respect to the first and second formal levels of review, plaintiff wrote "[s]creened out." (Id.)  As to the third formal level of review, plaintiff alleged "[w]ent to Board of Control under case law (Justin Wright v. State of California (CO44302)." (Compl. at 2.)  Finally, where the form complaint asks for an explanation if the claim was not presented for review through the highest level of the grievance procedure, plaintiff wrote "I did go through the grievance procedure, but was road blocked by the coordinator." (Id.)  Plaintiff's responses on his form complaint indicate that he did not exhaust his administrative remedies.  A prisoner's concession that he failed to exhaust is a valid ground for dismissal of an action.  Wyatt, 315 F.3d at 1120; McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).  If a court concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

   Even if the court were not to construe plaintiff's responses on his form complaint as conceding a failure to exhaust, the court would still find that plaintiff failed to exhaust his administrative remedies prior to filing this action.  The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies as long as the administrative authorities can take some action in response to the complaint.  See Booth, 532 U.S. at 733-34; see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'").  In the present case, plaintiff's appeal regarding his property never proceeded past the first formal level of review.  Either plaintiff withdrew his grievance, or the Appeals Coordinator screened plaintiff's appeal, found it to be duplicative or incomplete and returned it to him for clarification.  When the Appeals Coordinator sought clarification from plaintiff regarding his claims, plaintiff never responded.  The screening forms utilized by prison officials in this case specifically state that screening decisions, such as

the ones made by Appeals Coordinator Cervantes, may be appealed if the inmate believes that the reason for the rejection of the appeal is inaccurate. (Compl. at 7, 12 and 15.)

To the extent plaintiff disagreed with Appeals Coordinator Cervantes' screening decision, he should have appealed the decision or attempted to resolve it informally. Instead, plaintiff took no action in response to Appeals Coordinator Cervantes' screening decisions.

As noted above, defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. See Jones, 127 S. Ct. at 921; Wyatt, 315 F.3d at 1117-19 & nn.9 & 13. Defendants Carey and Jones have carried their burden. The court finds that the plaintiff has failed to comply with the PLRA exhaustion requirement. Therefore, the defendants' motion to dismiss should be granted.[3]

Accordingly, IT IS HEREBY RECOMMENDED that defendants' February 2, 2007 motion to dismiss be granted and plaintiff's action be dismissed due to plaintiff's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////
/////
/////

---

[3] Defendants also briefly argue that, to the extent that plaintiff raises an unauthorized negligent or intentional deprivation of property claim, it fails because the state has an adequate post-deprivation remedy. (Defs.' Mot. to Dismiss at 6-7). While this argument is well-taken, the court declines to address it given the recommendation that the action be dismissed due to plaintiff's failure to exhaust administrative remedies.

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 1, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD:9
elli1189.57